UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

YVETTE K. ALLEN                                                                 PLAINTIFF

v.                                          CIVIL ACTION NO. 3:14-CV-00211-CRS

OUTBACK STEAKHOUSE
OF FLORIDA, LLC                                                DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on a motion for leave to file an amended complaint (DN 8) and a motion to remand (DN 12) filed by Plaintiff Yvette K. Allen ("Plaintiff") against Defendant Outback Steakhouse of Florida, LLC ("Defendant"). For the reasons set forth below, the Court will deny the motion for leave to file an amended complaint and the motion to remand.

**BACKGROUND**

Unless otherwise indicated, the following facts are undisputed. On December 20, 2013, Plaintiff visited a restaurant owned by Defendant and slipped on a puddle of either water or ice which had accumulated on the floor. On December 21, 2013, Plaintiff presented at the hospital complaining of severe pain in her caudal vertebra. After examination by a doctor, Plaintiff was informed that her tailbone was fractured.

On December 23, 2013, Plaintiff filed the present action in Jefferson County Circuit Court alleging that her injuries were the result of Defendant's negligent failure to keep its restaurant's floors dry. On February 28, 2013, Defendant removed the action on the basis of diversity jurisdiction. On March 11, 2014, Plaintiff filed a motion to amend complaint (DN 8) in

order to join as defendants Manager Linda Damrau ("Damrau") and Assistant Manager Ryan King (King"). On March 20, 2014, Plaintiff moved to remand the action (DN 12) on the grounds that the joinder of non-diverse defendants Damrau and King destroyed diversity jurisdiction.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion for leave to file an amended complaint and the motion to remand.

## STANDARD

28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Although the Sixth Circuit has provided little guidance regarding the import of Section 1447(e),[1] there is general agreement that a district court should consider four factors in making its decision: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors." *See Bridgepointe Condominiums, Inc. v. Integra Bank Nat. Ass'n*, No. 08-475-C, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009); *City of Cleveland v. Deustche Bank Trust Co.*, 571 F.Supp.2d 807, 823 (N.D. Ohio 2008). Because these factors are intended to determine whether the primary purpose of the proposed joinder is to defeat federal jurisdiction, courts in this circuit have reasoned that the first factor is "of paramount importance." *City of Cleveland*, 571 F.Supp.2d at 823; *see also Bridgepointe Condos, Inc.*, 2009 WL 700056 at *2; *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F.Supp.2d 613, 618 (E.D. Mich. 2005).

---

[1] As explained in *Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, 5:13-CV-362-KKC, 2014 WL 112308 (E.D. Ky. Jan. 9, 2014), "[t]his is likely because Section 1447 bars appellate review, and thus, district court remand orders are non-reviewable."

**DISCUSSION**

Applying the 1447(e) factors, the Court concludes that joinder is inappropriate, and that the motion for leave to file an amended complaint and the motion to remand must therefore be denied.

The Court must first determine the extent to which the purpose of the amendment is to defeat federal jurisdiction. According to Plaintiff, the sole purpose of the proposed amendment is to add King and Damrau as defendants because she "inadvertently omitted naming [them] as defendants" them in her original complaint. *See* (Proposed First Amended Complaint, DN 8-1, at 1–2). As pointed out by Defendant, however, Plaintiff mentioned King by name in her Complaint as the person who "rushed to [her] aid after personally witnessing [her]… fall." (Complaint, DN 1-2, at ¶ 4). Because Plaintiff was thus clearly aware of King's identity at the time she filed her Complaint, the Court is hard-pressed to conclude that she merely "inadvertently omitted" him. To the contrary, the Court concludes that Plaintiff's post-removal proposed amendment is nothing more than a contrived means of defeating diversity jurisdiction via the joinder of non-diverse parties.

This conclusion is further supported by the fact that Plaintiff will not be significantly prejudiced if the amendment is not allowed. Because Plaintiff's asserts the same generic negligence claim against all three defendants, and because Defendant concedes it would be liable for the negligence of its employees based on *respondeat superior*, Plaintiff has nothing to gain by the joinder of King and Damrau. Thus, like the court concluded in *Cooper v. Thames Healthcare Group, LLC*, No. 13–14–GFVT, 2014 WL 941925 (E.D. Ky. March 11, 2014), "That [Plaintiff] could likely obtain full recovery without joining [King and Damrau], shows that [she]

would not suffer substantial prejudice if the joinder was disallowed and suggests that the true purpose of the joinder was to destroy federal jurisdiction." *Id.* at *4.

Finally, the Court must also consider whether Plaintiff was dilatory in seeking amendment. Although we conclude that she was not, we nevertheless conclude that, on balance, the 1447(e) factors weigh in favor of denying joinder and thus denying remand. Because the first factor is "of particular importance," *City of Cleveland*, 571 F.Supp.2d at 823, our conclusion that the true purpose of the proposed amendment is to defeat federal jurisdiction clearly outweighs the fact that Plaintiff was not dilatory in seeking amendment.

Based on the foregoing considerations, the Court will deny the motion for leave to file an amended complaint as well as the motion to remand.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

June 17, 2014