UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:14-CV-211-CRS

YVETTE K. ALLEN,                                                                        Plaintiff,

v.

 OUTBACK STEAKHOUSE OF FLORIDA, LLC,                                    Defendant.

## STATUS REPORT AND
## MEMORANDUM OPINION AND ORDER

### STATUS REPORT

The Court held a status conference in this matter on December 1, 2015.  Appearances were as follows:

FOR PLAINTIFF:  No appearance

FOR DEFENDANT:  Counsel Robert E. Stopher

Plaintiff, who is proceeding *pro se*, failed to appear for the status conference.  Plaintiff did not request that the status conference be moved, nor did she otherwise indicate that she could not attend.  In addition, plaintiff did not respond to defendant's Motion to Prohibit Plaintiff from Presenting Expert Witnesses at Trial ("Motion") (DN 61).

### MEMORANDUM OPINION AND ORDER

### Background

Plaintiff has been given many opportunities by the Court to make a full and complete expert witness disclosure.  Pursuant to the Court's latest order addressing this issue, plaintiff was to make a full and complete expert disclosure in accordance with Rule 26 of the Federal Rules of Civil Procedure by August 10, 2015.  (DN 50, p. 1.)  On June 29, 2015, plaintiff filed what

1

appeared to be her attempt to make a full and complete expert disclosure. (*See* DN 51-1; *see also* DN 59.) The Court reserved ruling on whether plaintiff's apparent expert disclosure (DN 51-1) should be stricken due to untimeliness and/or noncompliance with Rule 26. Defendant's Motion brings those issues squarely before the Court.

Defendant's Motion states that plaintiff should be prohibited from presenting expert testimony at trial because her expert disclosures do not comply with Rule 26 and are untimely. The Court finds that the Motion is well-taken and should be granted.

## Discussion

Rule 26(a)(2)(A) states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Under Rule 26, experts are divided into two categories: those who are required to provide a written report and those who are not. Generally speaking, a treating physician falls into the second category of experts – those who are not required to provide a report. *Hawkins v. Graceland*, 210 F.R.D. 210, 211 (W.D. Tenn. 2002) ("As the Advisory Committee observed, "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.") (internal quotation marks omitted). Even with a treating physician, however, a party must disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, and 705; and (ii) *a summary of the facts and opinions to which the witness is expected to testify*." Fed. R. Civ. P. 26(a)(2)(C) (emphasis added); *see also McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 930 (E.D. Ky. 2014) ("[A] party must disclose the identity, subject matter, and a summary of the expected testimony for any witness who will give opinion testimony relying on 'scientific,

technical, or other specialized knowledge,' even if that witness has not been specifically retained

for trial.") (citing Fed. R. Evid. 702).

Plaintiff's expert disclosure states:

> Dr. Deborah J. Hart, Dr. Shaun W. Nelson, Dr. David Anderson
> and Dr. Christopher Nelson, of the Bluegrass Pain Consultants
> 10241 Champion Farms Drive, Louisville, KY will testify with
> regards to plaintiff's injuries and any future injuries with regards to
> plaintifff's [sic] slip and fall in the defendants' place of business.

> Dr. Joseph Finizio, of Audubon Norton Hospital will testify with
> regards toplaintiff's [sic] injuries and any future injuries or medical
> conditions that plaintiff suffer in the future from her slip and fall at
> the defendant's place of business Dr. Finizio, address is 3 Audubon
> Plaza, suite 330 Norton Medical Plaza, Louisville, KY.

(DN 51-1.)

Although plaintiff did not respond to defendant's Motion, the undersigned assumes that

she has disclosed these physicians with the intention that they will offer medical testimony,

relying on scientific, technical, or other specialized knowledge per Rule 702 of the Federal Rules

of Evidence.  Thus, plaintiff was required to describe the subject matter and summary of their

expected testimony.  *McFerrin*, 29 F. Supp. 3d at 930; *cf. Napier v. Cincinnati Ins. Co.*, No. CV

14-171-GFVT, 2015 WL 6478871, at *3 (E.D. Ky. Oct. 27, 2015) ("Dr. Hoskins cannot offer an

opinion relating to the cause or permanence of Napier's injury without drawing from his

specialized knowledge as a medical professional. To label a witness providing such testimony a

"fact witness" would erase the distinction between fact and expert witnesses . . . . Thus, although

Dr. Hoskins may testify at trial regarding his direct observations of Napier during the course of

treatment, he may not enlist those observations in the service of broader speculation regarding the permanence of Napier's injuries.").

Plaintiff's disclosure falls short.  While plaintiff arguably describes the subject matter of the expert testimony (her unspecified injuries due to a slip-and-fall), she does not provide a summary of the expected testimony.  Because plaintiff did not disclose this information as required by Rule 26, Rule 37 mandates that she be prohibited from using these witnesses at trial "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c); *see also Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.").

There is no evidence this failure was substantially justified; indeed, plaintiff failed to respond to defendant's Motion and did not attend the status conference to discuss same.  *Cf. Musser v. Gentiva Health Services*, 356 F.3d 751, 759 (7th Cir. 2004) ("[T]hat the defendant could have obtained the undisclosed information through its own efforts does not provide substantial justification.").  The failure to disclose the required information was not harmless either.  Without the required summary of the expected testimony of plaintiff's purported expert witnesses, defendant has been effectively denied the opportunity to question these witnesses in their expert capacity.  *Id*.  ("The district court did not abuse its discretion in finding harm to Gentiva.  It was the district court's opinion that, in this particular case, Gentiva was denied the opportunity to question the witnesses in their expert capacity.").  Additionally, defendant has not been provided a summary of the expected testimony so that it can, in turn, secure its own expert witnesses.

The Court is aware that "[t]he question of whether a party must disclose treating physicians as experts is a matter of some debate within the federal courts." *Dennis v. Sherman*, No. 1:08CV1055-JDB-EGB, 2010 WL 1957236, at *1 (W.D. Tenn. May 12, 2010) (denying motion in limine seeking to limit testimony at trial of treating physicians because they were disclosed as fact witnesses, but not expert witnesses).  It appears that most of the disagreement centers around whether and/or when a treating physician must provide a written report.  *See, e.g.*, *St. Vincent v. Werner Enterprises, Inc.,* 267 F.R.D. 344, , 2010 WL 1508466, at *1 (D. Mont. 2010) ("A treating physician is not considered an expert witness unless the testimony offered by the treating physician goes beyond care, treatment, and prognosis, but if it does, there must be full compliance with the requirements of Rule 26(a)(2)(B)."); *Brusso v. Imbeault*, 699 F. Supp. 2d 567, 578 (W.D.N.Y. 2010) ("A treating physician may offer an opinion as to the cause of a plaintiff's injuries without being required to submit a written report under Rule 26 of the Federal Rules of Civil Procedure if the physician acquired that opinion through treatment of the plaintiff and is not otherwise a 'witness retained or specially employed to provide expert testimony.'") (quoting, in part, Fed. R. Civ. P. 26).  Therefore, the Court believes that based on the wording of Rule 26, as well as Rule 37, there is sufficient basis upon which to grant defendant's Motion in this instance.  Not only has plaintiff been given multiple chances to amend or correct her expert disclosures, she failed to respond to the Motion and did not appear for the status conference on December 1, 2015 to discuss same.  Consequently, defendant's Motion will be granted.

Accordingly,

IT IS ORDERED that the Motion (DN 61) is GRANTED.  Plaintiff is prohibited from presenting expert testimony at trial.

5

cc: Counsel of record
    *Pro se plaintiff*

|    | 10 |

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.