UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

YVETTE K. ALLEN                                                                                           PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:14-CV-00211-CRS

OUTBACK STEAKHOUSE OF
FLORIDA, LLC                                                                                           DEFENDANT

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Outback Steakhouse of Florida, LLC's ("Outback") motion for summary judgement. Plaintiff Yvette K. Allen does not oppose this motion. For the reasons stated below, the Court will grant Outback's motion.

This case involves an alleged slip and fall that occurred in one of Defendant's restaurants in December 2013. Plaintiff filed suit in state court alleging Defendant acted negligently which caused her to crack her tailbone, injure her shoulder, and suffer from Complex Regional Pain Syndrome. Defendant timely removed to this Court.

Before granting a motion for summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), a burden which may only be satisfied by "citing to particular parts of materials in the record..." or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). In resolving a motion for summary judgment, the

1

Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Under Kentucky law, to show negligence Plaintiff must prove that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). Consequent injury "consists of what hornbooks separate into two distinct elements: actual injury or harm to the plaintiff and legal causation between the defendant's breach and the plaintiff's injury." *Id.* at 88 – 89. Hence, Plaintiff must prove that Defendant's negligent actions caused her injuries.

Plaintiff is unable to rely on any admissible medical expert testimony to show injury or causation. A layperson would have difficulty recognizing these injuries without expert analysis of medical evidence. Without a medical expert, a jury would only be able to speculate whether the alleged injuries occurred or whether the fall caused these injuries. Hence, Plaintiff would be unable to prove consequent injury. Plaintiff failed to offer any argument in opposition.

The Court **GRANTS** Defendant's motion for summary judgment (DN 63).

**IT IS SO ORDERED.**

February 23, 2016

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, pro se
Counsel of Record

2